THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT TODD SIEWERT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security<br><br>Defendant. | CASE NO. C12-1637-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND REVERSING AND REMANDING THE COMMISSIONER'S DECISION |

This matter comes before the Court on the Acting Commissioner's objections to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby REJECTS the objections (Dkt. No. 18) and ADOPTS the Report and Recommendation (Dkt. No. 17) ("R&R") for the reasons explained herein. The Acting Commissioner's decision is REVERSED and REMANDED for further administrative proceedings.

I.   BACKGROUND

An Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application

---

[1] Carolyn W. Colvin, Acting Commissioner of Social Security is substituted for former Commissioner Michael J. Astrue under Federal Rule of Civil Procedure 25(d).

ORDER ADOPTING REPORT AND
RECOMMENDATION AND REVERSING AND
REMANDING THE COMMISSIONER'S
DECISION
PAGE - 1

for supplemental security income benefits due to disability. (Tr. at 15–25.) Plaintiff appealed to this Court and his complaint was referred to a United States Magistrate Judge. (Dkt. No. 6.) The Honorable Brian A. Tsuchida, United States Magistrate Judge, prepared an R&R recommending that the case be reversed and remanded for further administrative proceedings because the ALJ failed to address Plaintiff's right hand limitations at step two of the sequential evaluation process for disability claims. (Dkt. No. 17 at 3–4.) The R&R also concludes that the ALJ erred in failing to consider Plaintiff's medically-determinable right hand limitations in assessing Plaintiff's testimony about those limitations. (Dkt. No. 17 at 9.) The R&R rejected Plaintiff's remaining challenges to the ALJ's decision. (Dkt. No. 17 at 5–9.)

The Acting Commissioner objects to the R&R, arguing that the ALJ did consider Plaintiff's right hand limitations at step two when she "specifically discussed Plaintiff's 'right medial nerve injury'" and cited Exhibit 1F/3. (Dkt. No. 18.) Plaintiff responds that the Acting Commissioner has waived this argument and that the ALJ's passing mention of a single exhibit is not a clear and convincing reason for rejecting Plaintiff's testimony about difficulty using his right hand. (Dkt. No. 19.)

## II. DISCUSSION

### A. Standard of Review and Waiver

The Court reviews *de novo* the portions of the R&R to which a party has filed timely objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court rejects Plaintiff's argument that the Acting Commissioner waived her objection to the R&R. The Acting Commissioner argued to the Magistrate Judge that the ALJ properly evaluated all the medical and testimonial evidence in assessing Plaintiff's residual functional capacity and finding him capable of past relevant work. (*See generally* Dkt. No. 15.) This argument fairly encompasses the Acting Commissioner's more specific objection to the R&R, which is that the ALJ did consider Plaintiff's right hand limitations in the sequential disability evaluation.

      **B.**     **Merits of the Objection**

The Court adopts the R&R's conclusion that the ALJ failed to properly address Plaintiff's right hand limitations. While an ALJ is not required to discuss all evidence presented, the ALJ must explain why "significant, probative evidence has been rejected" and must explain why uncontroverted medical evidence is rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam). Although the ALJ provided clear and convincing reasons to support her conclusions about Plaintiff's arm injuries, the ALJ did not expressly address Plaintiff's problems with his right hand. (*See* Tr. at 18.) Plaintiff's problems with his right hand were documented in the uncontroverted medical records (*see, e.g.*, Tr. 268, 364, 418). The R&R correctly concludes that the ALJ's discussion of Plaintiff's arm injuries and passing reference to only one of the numerous medical records discussing his right hand problems, does not provide a sufficient explanation for the ALJ's failure to include any limitations related to Plaintiff's right hand in the disability analysis. The Court ADOPTS this conclusion.

## III.   CONCLUSION

For the foregoing reasons, the Acting Commissioner's objections to the R&R (Dkt. No. 16) are REJECTED. The R&R is ADOPTED in full and the case is REVERSED and REMANDED for further proceedings consistent with the R&R.

DATED this 5th day of June 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION AND REVERSING AND
REMANDING THE COMMISSIONER'S
DECISION
PAGE - 3